UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL SCOTT LYTLE,

    Petitioner,

-vs-                                                  Case No.  8:22-cv-1676-CEH-SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner, a Florida inmate, initiated this action by petitioning for the writ of habeas corpus under 28 U.S.C. § 2254 ("petition") (Doc. 1). Respondent moves to dismiss the petition as time-barred (Doc. 5), which Petitioner opposes (Doc. 6). Upon consideration, the petition will be dismissed as time-barred.[1]

**Procedural Background**

In July 2014, Petitioner was convicted of lewd or lascivious molestation and sentenced to life in prison (Doc. 5-2, Exs. 20, 21).[2] His conviction and sentence were

---

[1] Respondent's motion to dismiss the Florida Attorney General as a party (Doc. 5 at 1-2) is **GRANTED**. *See Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004) (When a petitioner is incarcerated and challenges his present confinement, "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." (citations omitted)).

[2] Unless otherwise indicated, for purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

1

affirmed on appeal on August 17, 2016 (*Id.*, Ex. 27).

On June 2, 2017, Petitioner filed a post-conviction motion to correct an illegal sentence under Rule 3.800(a), Florida Rules of Criminal Procedure (*Id.*, Ex. 29). The motion was denied (*id.*, Ex. 30), and the state appellate court affirmed (*Id.*, Ex. 34). The appellate court mandate issued on March 20, 2018 (*Id.*, Ex. 35).

On May 14, 2018, Petitioner filed a motion for post-conviction relief under Rule 3.850, Fla.R.Crim.P. (*Id.*, Ex. 36). The Rule 3.850 motion was finally denied on May 10, 2021 (*Id.*, Ex. 47). The denial was affirmed on appeal (*id.*, Ex. 53), and the appellate court mandate issued on March 7, 2022 (*Id.*, Ex. 54). On March 28, 2022, Petitioner filed a Motion to Recall Mandate in which he moved the appellate court to recall the mandate, discharge his appellate counsel, and grant him 60 days to file a *pro se* motion for rehearing (*Id.*, Ex. 55). The appellate court denied the motion (*Id.*, Ex. 56).

Petitioner filed his federal habeas petition on July 20, 2022 (Doc. 1 at 1).[3]

**Discussion**

Respondent moves to dismiss the petition as time-barred (Doc. 5). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). Section 2244(d)(1)

---

[3] A pleading is considered filed by a prisoner on the date it was delivered to prison authorities for mailing. *See Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (stating that "the date of filing shall be that of delivery to prison officials of a complaint or other papers destined for district court for the purpose of ascertaining timeliness").

provides:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

For purposes of AEDPA, the relevant one-year limitations period applicable here runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). And under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner's judgment became final on November 15, 2016, when the 90-day period expired for petitioning the United States Supreme Court for certiorari review following the August 17, 2016 affirmance of his judgment of conviction. *See* Sup.Ct.R. 13; *Nix v. Sec'y, Fla. Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (holding that a petitioner's conviction became final, for federal habeas purposes, after the expiration of

the 90-day period in which he could have sought certiorari review in the United States Supreme Court).[4] Thus, the AEDPA statute of limitations started the next day, November 16, 2016.

The limitations period ran for 198 days when Petitioner filed his Rule 3.800(a) motion on June 2, 2017. The limitations period remained tolled until the appellate court mandate was issued on March 20, 2018. *See King v. Sec'y, Fla. Dept. of Corr.*, 2017 WL 6760186, *1 (11th Cir. Jan. 5, 2017) (federal one-year limitation period is tolled upon properly filed post-conviction motion and remains tolled until the appellate court issues its mandate). Fifty-five more days of the limitations period elapsed before it was tolled again by Petitioner's May 14, 2018 Rule 3.850 motion, and at this point, 253 days of the limitations period had elapsed. The limitations period remained tolled until March 7, 2022, when the appellate court issued its mandate after affirming the denial of the Rule 3.850 motion. The limitations period elapsed 112 days later, on Monday, June 27, 2022. Thus, Petitioner's federal habeas petition, filed on July 20, 2022, is untimely.

---

[4] Petitioner incorrectly argues that his judgment became final 90 days after the appellate court mandate issued on September 16, 2016 (Doc. 6 at 2). His judgment became final 90 days after the appellate court issued its opinion on direct appeal, rather than after the mandate. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (holding "that the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)"); *see also* U.S. Sup. Ct. R. 13.3 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate.").

On March 28, 2022, Petitioner filed a motion to recall the mandate the appellate court issued on March 7, 2022. The appellate court denied the motion. Respondent argues, and Petitioner concedes (*see* Doc. 6 at 3), that the motion to recall did not toll the limitations period. The Court agrees.

Only properly filed state applications for post-conviction or other collateral review toll the AEDPA statute of limitations. *See* 28 U.S.C. § 2244(d)(2). The defining factor of an application for State post-conviction or other collateral review is that it seeks review of the underlying criminal conviction or sentence. *Cantu v. Fla.*, 778 F. App'x 760, 761–62 (11th Cir. 2019) (citing *Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir. 2004)). Petitioner's motion to recall did not challenge the legality of his conviction or sentence or assert that the appellate court incorrectly affirmed the denial of his Rule 3.850 motion. Rather, it merely requested the appellate court recall its mandate to allow Petitioner to discharge appellate counsel and file a *pro se* motion for rehearing (*See* Doc. 5-2, Ex. 55). Thus, the motion to recall the mandate was not an "application for State postconviction or other collateral review" that tolled the AEDPA statute of limitations. *Cf. Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1141 (11th Cir. 2015) (holding that a petition for belated appeal does not qualify as an application for collateral review because, under Florida law, it "does not reach the merits of the anticipated appeal or the validity of the order to be appealed").[5]

---

[5] The Court recognizes that another court in this Division determined that the AEDPA statute of limitations was tolled while a motion to recall the mandate was pending. *See Marshall v. Sec'y,*

Petitioner's federal habeas petition was untimely filed. And because Petitioner fails to allege and show entitlement to tolling or any other equitable exception to the statute of limitations, the petition is time-barred.[6]

Accordingly, it is **ORDERED**:

1. The petition (Doc. 1) is **DISMISSED** as time-barred.

2. If Petitioner appeals the dismissal of the petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is unwarranted, Petitioner may not appeal *in forma pauperis*.

3. The Clerk of the Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on March 3, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of Record

---

*Dep't of Corr.*, 2013 WL 2382291, at *3 (M.D. Fla. May 30, 2013). But *Marshall* is not binding on this Court, and it was decided before *Espinosa*, which is binding on this Court.

6 *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or ... expiration of the statute of limitations."); *Holland v. Florida*, 560 U.S. 631 (2010) (holding that AEDPA's statute of limitations is subject to equitable tolling).